UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JOHN PAUL LEWIS,**

        Plaintiff,

    v.

**WASHINGTON COUNTY JAIL,**
**WASHINGTON COUNTY COURTHOUSE,**
**HAROLD LLOYD LEWIS, and MICHAEL**
**A. SCHMIDT,**

        Defendants.

Case No. 3:14-CV-1902-ST

**FINDINGS AND RECOMMENDATIONS**

**STEWART, Magistrate Judge:**

## INTRODUCTION

Plaintiff, John Paul Lewis ("Lewis"), has applied to proceed *in forma pauperis* (docket #1). An examination of the application reveals that Lewis is unable to afford the fees of this action. Accordingly, his application should be granted, and no filing fee should be assessed. However, for the reasons set forth below, the Complaint should be dismissed with prejudice for lack of subject matter jurisdiction.

///

///

1 – FINDINGS AND RECOMMENDATIONS

## **STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

>  (A) the allegation of poverty is untrue; or
>  (B) the action or appeal
>  >  (i) is frivolous or malicious;
>  >  (ii) fails to state a claim on which relief may be granted; or
>  >  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991).

A court must liberally construe the allegations of a *pro se* plaintiff and "afford the plaintiff the benefit of any doubt." *Lopez*, 939 F2d at 883 (citation omitted). However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## **ALLEGATIONS**

On the court's form Complaint, Lewis alleges that defendant Harold Lewis "falsified a restraining order and removed [him] from his residence" which was also his place of work,

making him homeless and jobless.  In particular, "Harold Lewis made himself to look as if he was a victim of elder abuse" and falsely claimed that a confrontation with Lewis occurred on June 19, 2014.  In Claim II, he alleges that defendant Michael A. Schmidt, the attorney for Harold Lewis, contributed to the perjury and violated Lewis's unspecified constitutional rights.  In Claim III, Lewis seeks damages for being held in the Washington County Jail for 25 days "past [his] rights of fast and speedy [trial]."  He alleges that the "efforts made of court appointed representation to waive [his] rights is unlawful and is not due process of the law and unconstitutional."  For relief, he seeks to lift the restraining order, receive compensation for unlawful imprisonment, purge his criminal records and child support issues, clear his credit reports, prosecute Harold Lewis for lying, and recover damages from Michael A. Schmidt.

## FINDINGS

Federal courts are courts of limited jurisdiction, and a case is presumed to fall outside federal court jurisdiction unless proven otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994).  Under FRCP 12(h), the court is required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983).  The jurisdictional statute is strictly construed.  *See Lang v. Windsor Mount Joy Mut. Ins. Co.*, 487 F Supp 1303, 1305 (ED Pa 1980), *aff'd*, 636 F2d 1209 (3rd Cir 1980).

On page 2 of the form Complaint, Lewis has marked the "Diversity of Citizenship" box as the basis for invoking this court's jurisdiction.  Under 28 USC § 1332, this court has diversity jurisdiction over a dispute in which the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  However, page 3 of

the form Complaint states that he and all defendants are citizens of Oregon.  Therefore, they are not citizens of different states.  Accordingly, no basis for diversity jurisdiction exists.

The form Complaint fails to reveal any other basis for jurisdiction, such as an action "arising under the Constitution, laws, or treaties of the United States."  28 USC § 1331.  Lewis does refer to a denial of due process relating to the efforts made by a court appointed representative.  It is not clear whether the representative was appointed by the court for Lewis or Harold Lewis.  Regardless of who had the court appointed representative, the right to due process under the Fourteenth Amendment refers to notice and the right to be heard.  Because Lewis presumably received a court hearing, he cannot claim a denial of due process.  And even if Lewis was denied due process, he has no viable claim for violation of his constitutional rights.

Any claim based on a violation of a person's constitutional rights must be brought under 42 USC § 1983.  That statute authorizes an injured plaintiff to assert a claim for relief against a person who, acting under color of state law, violated the plaintiff's federally protected rights.  To state a § 1983 claim, the plaintiff must allege facts showing a deprivation of a federal right by a person who acted under color of state law.  *Anderson v. Warner*, 451 F3d 1063, 1067 (9th Cir 2006).  Both Harold Lewis and Michael A. Schmidt are private persons who were not acting "under color of state law."  Thus, Lewis cannot sue them for a violation of his constitutional rights.  The other two defendants (Washington County Jail and Washington County Courthouse) are not persons and cannot be sued.  Lewis could conceivably sue Washington County under § 1983, the alleged facts fail to support such a claim.

It appears that Lewis is complaining that Harold Lewis lied in order to obtain a restraining order against him, resulting in his eviction and imprisonment.  If he has some viable claim against Harold Lewis for perjury and seeks to overturn the restraining order entered against

him in an Oregon state court, then he must file that that claim in an Oregon state court, rather than in federal court.

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000) (citations omitted). Viewing all allegations in the Complaint as true and construing all inferences in Lewis's favor, this court concludes that it has no diversity jurisdiction or federal question jurisdiction. Since this court can conceive of no amendment to cure the jurisdictional defect, the Complaint should be dismissed with prejudice.

## RECOMMENDATIONS

Plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) should be GRANTED, and no filing fee should be assessed. However, for the reasons set forth above, the Complaint should be DISMISSED for lack of jurisdiction with prejudice and his Motion for Appointment of Counsel (docket #3) should be DENIED as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Thursday, January 08, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

///

///

///

5 – FINDINGS AND RECOMMENDATIONS

## **NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED December 22, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
